```
FILED
SEP - 9 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
       DEPUTY CLERK
```

1  PHILLIP A. TALBERT
   Acting United States Attorney
2  MICHAEL D. ANDERSON
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6
   Attorneys for Plaintiff
7  United States of America

8
                    IN THE UNITED STATES DISTRICT COURT
9
                       EASTERN DISTRICT OF CALIFORNIA
10

11
   UNITED STATES OF AMERICA,              CASE NO. 2:13-cr-0401 GEB
12
                      Plaintiff,          PLEA AGREEMENT
13
           v.                             DATE:  AUGUST 19, 2016
14                                        TIME:  9:00 a.m.
   JACOB ANTHONY MORA,                    COURT: Hon. GARLAND E. BURRELL, JR.
15
                      Defendant.
16

17
                        I.    **INTRODUCTION**
18
   A.    **Scope of Agreement.**
19
           The superseding information in this case charges the defendant with violation(s) of 18 U.S.C.,
20
   Section 2422(b) – Enticement of a Minor. This document contains the complete plea agreement
21
   between the United States Attorney's Office for the Eastern District of California (the "government")
22
   and the defendant regarding this case. This plea agreement is limited to the United States Attorney's
23
   Office for the Eastern District of California and cannot bind any other federal, state, or local
24
   prosecuting, administrative, or regulatory authorities.
25
   B.    **Rule 11(c)(1)(C) Specific Sentence Agreement:**
26
           The government and the defendant agree that a specific sentence, set forth below in paragraph
27
   VI.C., would be appropriate in this case. Consequently, this plea agreement is being offered to the Court
28

   PLEA AGREEMENT                                    1

pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

Under the provisions of Rule 11(c)(3), the Court may accept or reject the plea agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the Court accepts the plea agreement, the Court will inform the defendant that it will embody in the judgment and sentence the disposition provided for in this plea agreement. If the Court rejects this plea agreement, the Court shall so advise the defendant, allow the defendant the opportunity to withdraw his plea(s), and advise him that if he persists in a guilty plea the disposition of the case may be less favorable to him than is contemplated by this plea agreement.

## II.   DEFENDANT'S OBLIGATIONS

### A.   Guilty Plea.

The defendant will plead guilty to Count One of the superseding information, charging a violation of 18 U.S.C., Section 2422(b) – Enticement of a Minor. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea(s) should the Court not follow the government's sentencing recommendations (except in the circumstances set forth in Section I.B. of this Agreement).

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

1.   Waiver of Indictment:

The defendant acknowledges that under the United States Constitution he is entitled to be indicted by a grand jury on the charges to which he is pleading guilty and that pursuant to Fed.R.Crim.P. 7(b) he agrees to waive any and all rights he has to being prosecuted by way of indictment to the charges

set forth in the information. The defendant agrees that at a time set by the Court, he will sign a written waiver of prosecution by Indictment and consent to proceed by Information rather than by Indictment.

       2.     Remand.

The defendant acknowledges that the crime to which he is pleading guilty is listed in 18 U.S.C. § 3143(a)(2). The defendant is currently detained; he agrees that he will not make any motion for release following his entry of plea.

**B.**    **Restitution.**

Defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts of the Indictment to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged in the Indictment.

The defendant agrees to pay restitution of not less than $5,000 to the victims identified in the Factual Basis. The defendant may be ordered to pay an amount greater than $5,000, up to the full amount of the victims' losses, to include any costs incurred for medical services relating to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; attorney's fees, as well as other costs incurred; and any other losses suffered by the victim as a proximate result of the offense.

Restitution shall be paid by cashier's or certified check made payable to the Clerk of the Court.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

**C.**    **Fine.**

The parties agree that no fine is appropriate in this case.

**D.**    **Special Assessment.**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is

voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

### E. Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea

PLEA AGREEMENT                                   4

agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

**F.     Forfeiture.**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2428. Those assets include, but are not limited to, the following:

   1.    One iPhone 5.

The defendant agrees that the listed asset(s) constitutes property involved in a violation of 18 U.S.C. § 2422(b).

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his asset(s), including but not limited to, the above-listed asset.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States

Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

G. **Asset Disclosure.**

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above, above.

### III.    THE GOVERNMENT'S OBLIGATIONS

A. **Dismissals/Other Charges.**

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea(s)), VI.B (Estimated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

B. **Recommendations.**

1. Incarceration Range.

The government will recommend that the defendant be sentenced to the high-end of the applicable guideline range as determined by the Court or to 262 months, <u>whichever is lower</u>.

2. Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. §

PLEA AGREEMENT                              6

3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C. Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty, Enticement of a Minor in violation of 18 U.S.C. § 2422(b):

1. First, the defendant knowingly persuaded, induced, enticed or coerced the victim to engage in sexual activity, as charged;

2. Second, the Defendant used a facility and means of interstate commerce, to wit, text messaging and mobile phone based chat applications, to do so;

3. Third, when the Defendant did these acts the victim was less than 18 years old; and

4. Fourth, one or more individuals engaging in the sexual activity could have been charged with a criminal offense under the law of California, to wit, Sexual Intercourse with a Minor, in violation of California Penal Code Section 261.5(d).

The defendant fully understands the nature and elements of the crimes charged in the superseding information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum Penalty.

The maximum sentence that the Court can impose for a violation of 18 U.S.C. § 2422

PLEA AGREEMENT                                 7

(Enticement) is no less than 10 years and up to life imprisonment, a fine of $250,000, and a life term of supervised release. By signing this Plea Agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B. Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve no less than two additional years of imprisonment. The defendant also understands that if he commits any felony offense under Chapter 109A, 110, or 117, or section 1201 or 1591 of the United States Code, the Court shall revoke the term of supervised release and require the defendant to serve a term of no less than five years imprisonment under 18 U.S.C. § 3583(e)(3) without regard to the exceptions contained therein.

## VI.   SENTENCING DETERMINATION

### A. Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. Estimated Guideline Calculation.

The government and the defendant agree that the following are their best estimates of the

PLEA AGREEMENT                                                8

applicable Guidelines variables. These estimates are not binding on the parties, the probation office, or the Court:

1. **Base Offense Level**: The base offense level for 18 U.S.C. § 2422(b) is 28. *See* U.S.S.G. § 2G1.3(a)(3).

   a. **Specific Offense Characteristics**:

      i. Two levels are added because the offense involved the use of a computer or interactive computer service. U.S.S.G. § 2G1.3(b)(3).

      ii. Two levels are added because the offense involved the commission or a sexual act or sexual contact. U.S.S.G. § 2G1.3(b)(4).

2. **Chapter Three Adjustments**:

   a. **Special Instruction**: The parties agree that the defendant was involved in the exploitation of more than five victims. Under the special instruction for the applicable guideline section, this may result in up to five groups and up to a total of five additional levels added to the total offense level. U.S.S.G. § 2G1.3(d)(1) (*citing* Chapter Three, Part D (Multiple Counts)).

   b. **Acceptance of Responsibility**: See paragraph III.B.2 above. The offense level decreases by three levels.

3. **Chapter Four Adjustment**: Under U.S.S.G. § 4B1.5, the defendant's instant offense is a "covered sex crime" (an offense perpetrated against a minor under chapter 117 of Title 18 of the United States Code), and the defendant engaged in a "pattern of activity involving prohibited sexual conduct." Specifically, as set forth in the Factual Basis, the defendant engaged in a pattern of activity involving "prohibited sexual conduct" as described in 18 U.S.C. § 2426(b)(1)(A), and as described in U.S.S.G. § 4B1.5 Application Notes 4(A) and (B)(i) ("the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor"). As a result, five levels are added to the total offense level.

4. **Adjusted Offense Level**: After application of the Chapter Four Adjustment, the total estimated offense level is 34 or 39.

5. **Criminal History**: The parties agree that the applicable criminal history will be

determined by the Court's probation officers. The parties estimate that the defendant's criminal history category will be I.

6. **Sentencing Range**: Based on the above estimates, the parties estimate that the guideline sentencing range will be 262-327 months. The mandatory minimum sentence is 10 years pursuant to 18 U.S.C. § 2422(b).

C. **Specific Sentence Agreement.**

The parties agree that a specific sentencing range of 120 months to 262 months of imprisonment is the appropriate disposition of the case pursuant to Rule 11(c)(1)(C). The defendant is free to recommend any sentence within that range. The government will make a sentencing recommendation within the specific sentencing range that is consistent with Section III.B.1. of this agreement.

## VII.  WAIVERS

A. **Waiver of Constitutional Rights.**

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

B. **Waiver of Appeal and Collateral Attack.**

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which he is pleading guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose. He also specifically gives up the right to appeal or bring any challenge or motion based on the pre-plea destruction of evidence, including but not limited to the destruction of the iPhone 5 containing communications and images related to this case.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the

statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D. Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his

automatic removal from the United States.

### E. Sex Offender Registration.

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in California following release from prison, he will be subject to the registration requirements of Proposition 290. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in California, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

### VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

///

///

///

### IX.   APPROVALS AND SIGNATURES

**A.   Defense Counsel.**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 9/9/16

_____
HENDRICK S. CROWELL, II
Attorney for Defendant

**B.   Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 9-9-16

_____
JACOB ANTHONY MORA
Defendant

**C.   Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: 9/9/16

PHILLIP A. TALBERT
Acting United States Attorney

_____  MATTHEW
MICHAEL D. ANDERSON           MORRIS
Assistant United States Attorney  For

EXHIBIT "A"

Factual Basis for Plea(s)

The parties agree that if this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

In June 2013, Rocklin police reviewed the cell phone of a 14-year-old girl and located evidence on the device that she and the defendant had been communicating. These conversations occurred through Kik Messenger, an internet-based instant messaging service. According to the victim, she had the defendant had met and had sex on at least two occasions between January and March 2013. The victim also said that she had sent sexually explicit photographs of herself to the defendant through the internet. The defendant asked for these photographs of the 14-year-old and she produced them at his request.

The defendant was arrested based on his sexual contact with the 14-year-old. At the time of his arrest, Rocklin police executed a search warrant on the defendant's residence. During a subsequent search of the defendant's cell phone pursuant to a federal search warrant, law enforcement located numerous images of minors, including images of the 14-year-old Rocklin victim (as well as the obscene images of the defendant).

During a Mirandized statement at the time of the Rocklin search, the defendant admitted to using the Kik Messenger on his cell phone to communicate with underage females, including the 14-year-old. He said that he solicited sexually explicit photographs of the 14-year-old, and that he received them. He also admitted to sending obscene images of himself to the 14-year-old, as well as to other underage females. He stated that prior to meeting up with the victim for the first time, during which they had sex, he primarily communicated with her via the application "whats up." They communicated via such messages and met up to have sex. After this initial meeting, the two communicated via text message. He also admitted that he would "hit [the girl] up" (ask for sex) using text messages and Instagram. He admitted to having sex with the 14 year old girl on at least two occasions. During the interview, he also admitted that as an adult, he has met up with four underage girls for sex, and described meeting and/or communicating, and sharing nude photos, via "sexting" conversations on internet or cell phone applications.

As it concerned the other females with whom the defendant was communicating on Kik, the defendant also said that he would solicit and sometimes receive images from them. The defendant saved these images within a hidden "vault" application on his cell phone.

The defendant also admitted to utilizing the Kik messaging application to talk to, and exchange (or attempt to exchange) nude photos with, 20 underage girls. Located on the defendant's cell phone were numerous Kik Messenger conversations with individuals who identify themselves as minors in which the defendant solicits sexually explicit images, and seeks to make contact with the victims for the purpose of having sex. In one conversation, the defendant solicited sexually explicit images through the Internet from a person who identified herself as a 12 year old. In addition, located on the phone were conversations between the defendant and at several other underage females in which the defendant either sent an obscene image of himself, seeks to entice the minors to meet for the purpose of engaging in sex, or solicits a sexually explicit image from the minor. For example:

  a. Utilizing Kik, the defendant messaged with a user name "La Chulaa :-)," who identified herself as 12 years old. He asked for photographs of the girl on August 8, 2013, and his response to what was sent was, "Daaammmnn sexxii mamiz you got me wanting to do bad things to you sexxxii young you boo (; lol." He inquired about the girl's virginity, and followed up with, "Fukkkk is that pussy like tight as fukk??(; becuz papi got that daddy thick dick (;)." After asking for more photos, he writes, "Lets fukk (;" and then notes "Big papi wants to play (;). After requesting yet more photos, he inquires, "Are you alone right now boo?(;" and when she says no, he writes, "Mmmmmmm but don't you

wanna feel daddies big dick to slide deep into your tight pussy making you moan as I go harder and harder (;." He continues to requests photos and ask the girl to go to her room so she is alone. The following day, he asks more questions about whether the girl is alone, and follows up with, "I'm trying to tap that ass many times ;D" He continues to ask her how many times she has had sex, and requests naked photos of the girl, and asks whether she is alone. He represents himself as 18 years old, and again writes, "Damn boo we need to fuk like soon this big dick aint gonna fukk itself (; lol . . . When will you be alone boo?" When he asks see her "perfect booty," and she delays, "not now dho but tonite u culd if u want too," he responds, "Yessss(:." The victim sent three pictures of herself clothed and the defendant sent pictures of his penis and himself lying on a couch.

b. Mora also messaged on Kik with a user name "Serena Malee." He represented himself as 19 years old and after learning that she was "14 going to be 15 this month," asked, "Heheh soooo that means you must be hella tight huh boo? (;" He aslso asked, "Heheh think I Can fit in u boo? " The user rebuffs his advances and responds, "I won't let you" and says she is shy. He responds, "hehehe but what hif I Was to say that I Wanna get u on your back legs spread apart as u feel the thick head if my hard cock teasing and toying with your tight pussy lips (;" The user responds, "Nope srry and byee you're just a little old for me." Mora replies, "Not fair." He continues to press, "Hehehe see it's not fair your perfect and I'd love to be your first ;D"; and "you need someone that knows what there doing so they can do u right for your first time (; He  continues to ask whether she is alone, and about her virginity.

c. In lengthy conversations, the defendant engaged in similarly explicit text conversations on Kik with user name "EmiiKat" or "Emily" (as referenced in the conversation). He described what he would like to do to "EmiiKat in detailed and explicit language, and requested sexually explicit photographs. He also asked "EmiiKat" to "sneak out . . .to make out and maybe let[ u] touch and I promise ill be good and not touch (;" He follows up with "Lets fukk tonight baby lets say 1 am? (; . . ."Call me!! So we can fukk tonight!! :; don't u wanna have me there with my hard cock out only to slike it deep into you." (; After much more of such explicit conversation, the defendant asks, "how late will ur parents be out (; . . . What time should iBe ready to cum thru to take ur VCard??(;" The conversation continues, and "EmiiKat" references the fact that she is babysitting and her sister is in her room. For multiple days, the defendant repeatedly asks in sexually explicit conversation to come over to EmiiKat's house to have sex with her; asks whether her parents are home; references her virginity; requests that she sneak out of the house to meet him for sex. At one point, he writes, "But don't chu wanna feel this hard cock deep into that tight pussy?" The conversation then turns to "[i]f it wa s legal," which "won't be for 3 years." Eventually, EmiiKat tells the defendant to "[f]ind a better girl not so young." Undeterred, he continues to press her for sex. The defendant sent four pictures of his penis to the victim.

d. In a Kik conversation with "I'm Tired o'," the defendant again solicited photographs. After at least one photograph was sent, the defendant asked, "have you ever let a boy touch your body? (;" and she states that she has not, and she has "never been touched by a guy." He then confirms that she has never touched a penis before, and has never masturbated. He requests oral sex and sexual intercourse through sexually explicit language. The victim sent pictures of herself (clothed) and the suspect sent pictures of his erect penis.

e. In a Kik conversation with Emillie, the defendant also engaged in similarly explicit text messaging. He encourages her to masturbate, and she responds that it would be the first time doing so. He repeatedly requests photos and videos of her doing so, and references wanting to meet her to "pop [her] cherry." When the victim states that she is not interested in sexual intercourse, he suggests oral sex, and continues to request photographs of the victim. The victim references her mom calling her. The defendant

PLEA AGREEMENT                                    A-2

continues to press for sex. The defendant sent images to the victim of himself shirtless on a couch, of his erect penis inside of boxer shorts, one video, and five images of his erect penis.

 f. In a Kik conversation with user name "His Mine," the defendant tried to solicit photographs from and inquired about the virginity of the user. She informed him that she is 16 years old.

I have read and carefully reviewed the Factual Basis for Plea with my attorney. I agree that as it concerns my conduct it is correct. I also agree that if this matter proceeded to trial, the United States could establish each of the facts contained within the Factual Basis for Plea beyond a reasonable doubt, and that those facts satisfy the elements of the offense to which I am pleading guilty.

Dated: 9-9-16

JACOB ANTHONY MORA
Defendant

PLEA AGREEMENT   A-3