PHILLIP A. TALBERT
United States Attorney
MICHAEL D. ANDERSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-401-GEB |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM AND STATEMENT OF NON-OPPOSITION TO THE PRESENTENCE REPORT |
| v. | |
| JACOB ANTHONY MORA, | DATE: February 17, 2017<br>TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. GARLAND E. BURRELL, JR. |

### I.   INTRODUCTION

The defendant, Jacob Mora, used popular cell phone applications to lure girls between the ages of 14 and 16 into sending him explicit photographs of themselves and meeting him to have sex. Mora, who is 33 years old, lied to the girls about his age, encouraged them to sneak out of their homes to have sex, and also sent explicit photographs of himself to the girls. This is a serious pattern of child sex crimes that occurred over an extended period of time. Mora deserves a significant punishment and the public needs to be protected against future crimes. Therefore, the government asks that the Court accept the Rule 11(c)(1)(C) plea and sentence Mora to 262 months (21 years and ten months) in prison and a lifetime of supervised release.

### II.   PROCEDURAL HISTORY AND GUIDELINES CALCULATION

On September 9, 2016, the defendant pleaded guilty to a one-count information charging Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). He entered his plea pursuant to a plea

Government's Sentencing Memorandum    1

agreement between the parties and Federal Rule of Criminal Procedure 11(c)(1)(C).  The specific sentencing range set forth by the plea agreement is 120 to 262 months.  In the plea agreement, the parties made guidelines estimates, however, those estimates are not binding on the parties or on the Court.

Following the defendant's entry of his guilty plea, the Court referred the matter to the U.S. Probation Office for the completion of an Advisory Guidelines Presentence Investigation Report ("PSR").  A final version of that report was completed on November 23, 2016.  The PSR calculates that Mora's offense level is 41 and his Criminal History Category is I.  As a result, the advisory Guidelines sentencing range is 324 to 405 months.  The government has reviewed the final draft of the defendant's PSR, and has no objections to the PSR's statements of material facts and its advisory Guidelines calculations.

### III. GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PSR.

#### A. Response to defendant's untimely objections to Paragraphs 7, 9, 14, and 18

The defendant failed to make informal objections to paragraphs 7, 9, 14, and 18.  *See* Dkt. 54-1 (Defendant's Informal Objections).  As a result, his objections to these paragraphs, which he raises for the first time in his formal objections, should be denied as untimely.

In any event, the objections are not well founded.  Mora argues that paragraphs 7 and 9 mischaracterize his conduct, because, in essence, they do not indicate that he is also attracted to women over the age of 18.  To the contrary, these paragraphs properly focus on Mora's criminal conduct, the facts of which Mora does not dispute.  That Mora also contacted women who were 18 and older is not relevant and does not need to be included in the PSR.

The government does not object to correcting the typographical error in paragraph 14 that lists Mora's age as 21 rather than 25.  Mora's additional objections to paragraph 14 are not disputes as to the facts contained in paragraph 14.  Rather, they are arguments as to Mora's state of mind that he may appropriately argue at sentencing, but that do not require a change in the PSR.

Likewise, paragraph 18 is correct.  Although Mora only admitted to having sex with four minors, he persuaded, induced, or enticed at least seven.  Here, Mora met and had conversations online with minors.  In at least four cases, he met the minors he was conversing with in order to have sex.  Mora's

argument that he did not intend to have sex with the other minors is not credible in light of his actions with the minors who he met.

### B. Response to defendant's objection to Paragraph 20 (and other paragraphs finding undo influence)

In determining whether to apply a two level enhancement under U.S.S.G. § 2G1.3(b)(2)(B), the court should apply the rebuttable presumption described in the commentary to the Guidelines. Where the defendant is "at least 10 years older than the minor, there shall be a rebuttable presumption." U.S.S.G. § 2G1.3 cmt. n.3(B). Here, Mora was more than ten years older than several of his victims. As a result, the presumption applies.

Mora's argument that at least one of the girls had a prior sexual relationship with an adult male before meeting Mora is generally unavailing. In rebutting the presumption, a "victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation." *United States v. Brooks*, 610 F.3d 1186, 1199 (9th Cir. 2010), quoting *United States v. Dhingra*, 371 F.3d 557, 567-68 (9th Cir. 2004); *but see United States v. Calvo*, 596 F. App'x 541, 543 (9th Cir. 2015) (unpub.) (finding presumption rebutted by evidence that victim voluntarily consented and was already inclined to the behavior). Likewise, Mora's argument that he did not force his victims is unavailing. Undo influence does not require force. Here, Mora admitted that he focused on minor girls because they were more open to talking with him and not as guarded. PSR ¶ 14. In narrowing his focus to younger girls, he ended up targeting those over whom he could have the most influence. Therefore, PSR properly applies the enhancement.

### IV. SENTENCING FACTORS AND GOVT. SENTENCING RECOMMENDATION

Consistent with its obligations under the plea agreement, the government recommends that the Court impose a 262-month (21-year and ten-month) sentence. In doing so, the government opposes Mora's request for a ten-year sentence. Mora's conduct is too serious and repeated for such a light sentence. PSR ¶¶ 3-10. He engaged in a specific pattern of meeting young girls online, getting them to send him explicit photographs, and then meeting them to have sex. PSR ¶¶ 3-10. He knew that it was wrong, but he did it anyway because he saw the girls as easy targets. PSR ¶ 9. His ten-year sentencing

Government's Sentencing Memorandum        3

recommendation fails to adequately account for the advisory Guidelines range, the serious nature of the offense, and the need to protect the public. In addition, a lengthy sentence will deter others from similar criminal conduct. To the extent that Mora argues mitigating factors in his favor, such as the lack of prior criminal history, a strong record of employment, letters of support from family, an early admission of guilt to investigating agents, these factors support the below-guidelines sentence of 262-months recommended by the government, not a 120-month sentence.

The government understands that the recommended sentence of 262 months will require the Court to vary downward from the advisory Guidelines range of 324 to 405 months and sentence below probation's recommended sentence of 364 months. This is a very serious crime, but the government's recommended sentence of over 20 years is sufficient to meet the goals of 18 U.S.C. § 3553(a). It will keep Mora incarcerated until his is approximately 50 years old and then release him to a lifetime of supervision. It further avoids the impact on the victims and their families that would be caused by a trial.

### V.   CONCLUSION

Therefore, the government respectfully requests that the Court accept the Rule 11(c)(1)(C) plea and sentence Mora to 262 months in prison and a lifetime of supervised release.

Dated:  February 10, 2017                    PHILLIP A. TALBERT
                                             United States Attorney

                                              /s/ Michael D. Anderson
                                             MICHAEL D. ANDERSON
                                             Assistant United States Attorney

Government's Sentencing Memorandum            4