Hendrick S. Crowell II, SBN 215900
CROWELL LAW OFFICES
1510 "J" Street, Suite 230
Sacramento, CA 95814
Phone: (916) 303-2800
Fax: (916) 303-2802
Email: hendrick@crowelllawoffices.com

Attorney for Defendant,
JACOB ANTHONY MORA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br>v.<br><br>JACOB ANTHONY MORA,<br><br>Defendant. | Case No.: 2:13-cr-0401 GEB<br><br>SENTENCING MEMORANDUM<br><br>Date: February 17, 2017<br>Time: 9:00 a.m.<br>Court: Hon. Garland E. Burrell, Jr. |

## INTRODUCTION

Pursuant to a written Plea Agreement, Jacob Anthony Mora pled guilty to Count One of the superseding information, 18 U.S.C., § 2422(b) – Enticement of a Minor on September 9, 2016. The United States Probation Office has prepared a Presentence Report (PSR) and concluded that the advisory United States Sentencing Guidelines (USSG) in this case is Total Offense Level is 41, Criminal History Category I. Mr. Mora objects to the Pre-Sentence Reports computation but does not object to the Criminal history computation contained therein.

Consistent with the agreement of the parties in the Plea Agreement, wherein the government agreed to recommend Mr. Mora be sentenced to the lower of either: the high end of the applicable guideline range as determined by the Court or to 262 months. (Plea Agreement p. 6 ¶ B). The government will also recommend a three-level reduction (if the offense level reaches 16) in the computation of Mr. Mora's offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined by U.S.S.G. § 3E1.1. Mr. Mora now comes before the Court requesting that he be sentenced to no greater than 120 months imprisonment, to be followed by a term of supervised release, 120 months is the mandatory minimum sentence for a violation of 18 U.S.C. § 2422(b) and is a sentence that accounts for Mr. Mora's role in the offense, his cooperation with the police investigation, his willingness to take responsibility for his conduct, his commitment to change and ability to do so through treatment programs at BOP, and provides a just punishment which is sufficient but not greater than necessary for him.

## BACKGROUND

Mr. Mora indicates he had a stable childhood. He has a large extended family who has agreed to provide continuing support for him. Mr. Mora's parents separated at the age of 10 years old. Mr. Mora experienced some educational difficulties in elementary school and middle school and received special education. He graduated from Woodcreek High School in Roseville, California, in 2002. He attended local community colleges in the Sacramento Valley area between 2002 and 2007. Mr. Mora was employed up until the time of his arrest (over five years) at Sutter Hospital as a patient escort and rehabilitation aide, with no issues at his workplace.

Mr. Mora has a minimal criminal history. At the age of 21 he was convicted of selling liquor to a minor in Placer County, a misdemeanor, and received probation. He otherwise was convicted of an infraction for expired registration and failing to pay/failure to appear. He has an open red light ticket infraction violation in Sacramento County. His family was shocked by this uncharacteristic lapse in judgment and his life was otherwise normal. His last relationship was with a woman six years his senior, and the instant bad conduct came after

that relationship ended. When Mr. Mora was confronted by police regarding this charge, he immediately came clean, and while so many defendants deflect and deny and refuse to accept responsibility for their actions, he sat down with officers and gave them a full confession, even giving them information that they would never have been able to discover on their own.

## A REASONABLE SENTENCE

The Court must now consider 18 § U.S.C. 3553(a) in its entirety and impose a sentence "sufficient," but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The court, in determining the particular sentence to be imposed, shall consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed:
   a. to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant the needed education or vocational training, medical care or other correctional treatment in the most effective manner;

In the ten years since it decided *United States v. Booker*, 543 U.S. 220 (2005) the Supreme Court has frequently reminded the district and appellate courts that 18 U.S.C. § 3533(a), not just the guidelines, guides sentencing discretion.

In *Rita v. United States,* the Court held that the district court may consider arguments that "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations," and the Courts of Appeals may presume a guidelines sentence to be reasonable when the sentencing court determines the case accords with "the mine run of cases" as identified by the Sentencing Commission. *Rita v. United States*, 551 U.S. 338, 350-351 (2007).

In *Kimbrough v. United States,* the Court reiterated that "[t]he judge may determine… that, in the particular case, a within-Guideline sentence is 'greater than necessary' to serve the

objectives of sentencing," and that the judge may consider anomalies in the guidelines (e.g. the notorious disparity crack- and power-cocaine offense levels) in so doing. *Kimbrough v. United States*, 552 U.S. 85, 91 (2007).

In *Gall v. United States*, the Court reminded that, while §3533 still requires a court to give respectful consideration to the Guidelines, *Booker* "permits the court to tailor the sentence in light of other statutory concerns as well." *Gall v. United States*, 552 U.S. 38, 36 (2007); *U.S. v. Booker* 543 220 at 245-246. For that reason, "all sentences—whether inside, just outside, or significantly outside the guidelines range" –are to be reviewed "under a deferential abuse-of-discretion standard." *Gall,* 552 U.S. at 41.

A sentence of 120 months is sufficient but not greater than necessary to achieve the purpose of sentencing in Jacob Mora's case.

**A. The Court should sustain defendant's objection to the + 2 increase under U.S.S.G. § 2G1.3(b)(2)(B).**

The undue influence enhancement was intended to increase sentences in cases involving more than intent to engage in sexual conduct with a minor, whether manifested through persuasion, coercion, inducements, enticement, or other conduct. It was intended to apply only in those cases in which defendant's persuasion actually caused the minor to engage in *involuntary* sexual conduct. See (U.S.S.G., App. C, Amend. 592 (2000).) That the defendant can be convicted under 18 U.S.C. § 2422 and subject to sentencing under §2G1.3 for such conduct does not mean, however that he should also be subject to an enhanced sentence for the same conduct.

Here, the victim that Mora had physical sexual contact with explicitly stated that the contact was consensual/voluntary (not the legal term of art "consensual" of course). But instead of Mr. Mora using his older age to his advantage, he attempted to seem younger than he was as opposed to someone with authority over the victim who could exert undue influence or control based on age.

The presentence investigation report reflects that Mr. Mora was easily rebuffed by minor victims. "Victim B rebuffed him and left the conversation" "Victim C rebuffed him and told him to find someone older." (Pre-sentence investigation report ¶ 8). Mr. Mora's

advances were direct and simple, and do not reflect sophistication or skilled manipulation. It was stated various times that while this conduct was reprehensible and Mr. Mora agrees, it was not the result of skill or intelligence. It started after Mr. Mora's breakup, wherein he went looking for love online and initially started on 18 and over sites, and eventually migrated to sites without age requirements. His explanation was that he would "get more of a response" and it unfortunately morphed into increasing contacts. Again, the behavior was wrong and when confronted with it, Mr. Mora was the first to admit to it and confess even more than the police could have discovered, but it was not the result of an elder exerting undue influence or being in a role to unduly persuade the victims. And contrary to the government's assertions, it is indeed relevant that Mr. Mora first sought women in the 18 and over sites before going into the sites without age restrictions, because it shows that Mr. Mora was not solely focused on younger girls- yes the behavior was wrong and Mr. Mora is the first to admit it, but seeking underage girls was not the entire focus of his life. Mr. Mora, again committing bad acts and accepting responsibility for them, was also speaking with many girls who were in other states without ever asking them to visit him or making plans to visit them. Sometimes he was just having conversation, and many of the conversations remained just that.

The 2 level increase under U.S.S.G. §2G1.3(b)(2)(B) should not be part of the sentencing calculation.

### B. Extraordinary Acceptance of Responsibility

Under Title 18 U.S.C. 3553(a)(`1) the Court is required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." Mr. Mora fully recognizes the seriousness of the charges and accepts full responsibility for his conduct. Mr. Mora was extremely candid with authorities about his conduct. He admitted what he did was wrong and he was ashamed for his conduct. But it did not end there. Mr. Mora, when confronted with the allegation by one victim, waived his rights and sat with the investigators and not only confessed to his communications that could readily be discovered, but he went further and admitted to acts of which there would be no record. He gave investigators his

passwords and details on how to retrieve the information stored in his device, and he gave a full confession to all the illegal conduct. Suffice it to say he displayed an extraordinary acceptance of responsibility and this should be considered in mitigation.

A final interesting piece of mitigation: The government inadvertently destroyed the cellular phone used in the electronic communications in this case. When advised of this by counsel, Mr. Mora did not even flinch in his desire to continue accepting full responsibility, and never requested trial in this case (which would have subjected the victim to cross-examination). Mr. Mora had lived a relatively crime-free and respectable life up until this occurrence, and his guilty plea before trial and acceptance of responsibility are consistent with his upbringing and character. Mr. Mora was a normal man who started getting attention in the wrong places after a breakup, and made a terrible decision to continue down the path that led to his incarceration, but the fact that he knows and admits that he knows right from wrong and this was wrong, along with his acceptance of responsibility and punishment, and his ability to seek programs while incarcerated, lead to the conclusion that he is worthy of rehabilitation and while he realizes that he must spend time in prison, he should also be released in a reasonable time so he can get started rebuilding his life. His family supports him and will be there for him upon his release, and while this was the big mistake of his life, he asks the court for leniency in sentencing Mr. Mora to 120 months. A decade in prison is sufficient when we examine Mr. Mora and the total circumstances of this offense and his life. Mr. Mora accepts what is coming to him, and we only urge the court to give him credit for stepping up and admitting his wrongdoing, never wavering from responsibility of his actions, and standing ready to be punished for his own actions.

## CONCLUSION

For the above reasons, and any others that the Court deem fair and just after the sentencing hearing in this case, Mr. Mora requests that the Court determine that a sentence of imprisonment for 120 months meets the sentencing objectives contained in 18 U.S.C. § 3553.

DATED:  February 10, 2017

                                      /s/ Hendrick S. Crowell II

                                      HENDRICK S. CROWELL II

                                      Counsel for Defendant Jacob Mora